UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

       Plaintiff,
vs.

PIZZERIAS, LLC
d/b/a Papa John's Pizza and
TRIPLE R ACQUISITION CORP.

       Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Pizzerias, LLC doing business as a Papa John's Pizza and Defendant Triple R Acquisition Corp. for injunctive relief pursuant to 42 U.S.C. §§1218p1-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are conducting business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is a "tester" to determine whether public accommodations are in compliance with the ADA and the ADAAG.

5. Defendant Pizzerias, LLC (also referenced as "Defendant Pizzerias," "operator," "lessee" or "co-Defendant") is a Florida limited liability company and a franchise operator of the Papa John's Pizza located at 400 SW 8 Street, Miami Florida 33130, and is also the franchise operator of the Papa John's Pizza located at 2201 Coral Way, Miami, Florida 33145, both of which are the subject of this action.

6. Defendant Triple R Acquisition Corp. (also referenced as "Defendant Triple R," "lessor," "owner," or "co-Defendant") is a corporation which is the listed owner of commercial real property identified by Folio 01-0206-000-1010, which has the physical address of 400 SW 8 Street, Miami Florida 33130. This commercial property is built out as a Papa John's (brand) Pizza.

7. Defendant Triple R is also the listed owner of commercial real property identified by Folio 01-4110-057-0010, which has the physical address of 2201 SW 22 Street (Coral Way), Miami Florida 33145. This commercial property is built out as a Papa John's (brand) Pizza.

## FACTS

8. At all times material hereto, Defendant Triple R has been leasing both its 400 SW 8 Street commercial property and its 2201 Coral Way commercial property to co-Defendant

Pizzerias who turn has been operating its Papa John's Pizza franchises within those leased spaces.

9. Defendant Pizzerias' Papa John's Pizza franchises serve pizzas and beverages. At the current time, this Papa John's Pizza offers pizza and beverages as delivery and take-away. Since Papa John's sells pizzas and is open to the general public it is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink". The Papa John's Pizza locations which are the subject to this action is also referred to as "Papa John's Pizza," "Papa John's," "pizzeria," or "place of public accommodation."

10. As the owner/operator of Papa John's franchises which are open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates an establishment serving food and drinks pursuant to 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §§36.104(2).

11. As the owner of commercial real estate which is leased for use as a pizzeria open to the general public, Defendant Triple R is also defined as a "Public Accommodation" within meaning of Title III 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

12. Due to the close proximity of the Papa John's Pizza at 2201 Coral Way to Plaintiff's home, on August 26, 2021 Plaintiff went to the pizzeria with the intent of purchasing a pizza and to test the public accommodation for compliance with the ADA and ADAAG.

13. When arriving at Papa John's Pizza at 2201 Coral Way, Plaintiff had difficulty entering due to the inaccessible parking and inaccessible route. Once inside Plaintiff met multiple areas of inaccessibility in the restroom which is available for patrons of the pizzeria.

14. While Plaintiff ultimately purchased pizza for take-away, Plaintiff left the Papa John's Pizza at 2201 Coral Way feeling excluded, humiliated and dejected.

15. Due to the close proximity of the Papa John's Pizza at 400 SW 8 Street to Plaintiff's home, on September 24, 2021 Plaintiff went to the pizzeria with the intent of purchasing a pizza and to test the public accommodation for compliance with the ADA and ADAAG.

16. When arriving at Papa John's Pizza at 400 SW 8 Street, as with Plaintiff's visit to Defendant's 2201 Coral Way location, Plaintiff had difficulty entering due to the inaccessible parking and inaccessible route. Once inside Plaintiff met multiple areas of inaccessibility in the restroom which is available for patrons of the pizzeria.

17. While Plaintiff ultimately purchased pizza for take-away, Plaintiff left the Papa John's 400 SW 8 Street location feeling excluded, humiliated and dejected.

18. Plaintiff has been denied full and equal access by the operator of the Papa John's Pizza locations at 2201 Coral Way and 400 SW 8 Street (Defendant Pizzerias) and by the owner of the commercial property which houses the pizzeria locations at 2201 Coral Way and 400 SW 8 Street (Defendant Triple R).

19. On information and belief, as a franchise owner of multiple Papa John's Pizza, Defendant Pizzerias is aware of the need to provide equal access to individuals with disabilities. Defendant Pizzerias' failure to reasonably accommodate individuals with disabilities at its Papa John's franchise pizzeria locations at 2201 Coral Way and 400 SW 8 Street is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302.

20. As an investor in commercial property, Defendant Triple R is aware of the ADA and the need to provide for equal access as related to its multiple commercial properties. Therefore, Defendant Triple R's failure to reasonably accommodate individuals with disabilities at its 2201 Coral Way and 400 SW 8 Street properties is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302.

21. Based on the access impediments delineated herein, Plaintiff has been denied full and equal access by the operator of the Papa John's Pizza locations at 2201 Coral Way and 400 SW 8 Street (Defendant Pizzerias) and by the owner of the commercial property which houses those pizzerias (Defendant Triple R).

22. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

23. Plaintiff is and has been a customer of Papa John's Pizza and continues to desire to return to purchase pizza at both pizzeria locations and to test for compliance with the ADA and ADAAG (2201 Coral Way and 400 SW 8 Street), but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

24. Any and all requisite notice has been provided.

25. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

26. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

27. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

28. Prior to the filing of this lawsuit, Plaintiff personally visited the Papa John's Pizza locations at 2201 Coral Way and 400 SW 8 Street to purchase pizza for take-away and to test the public accommodations for compliance with the ADA and ADAAG, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met barriers to access when seeking access to the pizzeria's goods and services and on using the restroom provided to the general public patrons. Therefore, Plaintiff has suffered an injury in fact.

29. Defendant Pizzerias and Defendant Triple R have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Papa John's Pizza locations at 2201 Coral Way and 400 SW 8 Street in derogation of 42 U.S.C. §12101 *et*

*seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

30. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Papa John's Pizza at both 2201 Coral Way and 400 SW 8 Street locations.

31. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

32. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

33. The commercial space which is owned/controlled by Defendant Triple R which houses the Papa John's 2201 Coral Way pizzeria location operated by Defendant Pizzerias is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and both Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), Plaintiff had difficulty exiting the vehicle, as the designated accessible parking spaces at the Papa John's 2201 Coral Way pizzeria location are located on an excessive slope. Failure to provide accessible means of egress from the parking to the pizzeria due

        to the slope of the parking lot is in violation of 2010 ADA Standards for Accessible Design Sections 207.1, 502.4 and Section 403.3. Section 403.3 states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped. Section 502.4 states that parking spaces and access aisles serving them shall comply with Section 302, and that access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. Defendants are also in violation of Section 4.6.3 of the ADAAG which states that parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

ii. As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), further associated with the designated accessible parking spaces, Plaintiff had difficulty exiting his vehicle because the parking space access isles were/are located on an excessive slope. This is also in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards for Accessible Design.

iii. As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), Plaintiff had difficulty using the ramp provided because the ramp handrails do not have the required top extensions. The fact that the ramp is missing the left top extension is a violation of Section 4.8.5 of the ADAAG and Section 505.10.1 of the 2010 ADA Standards for Accessible Design. Section 4.8.5 states that handrails are required on both sides for ramps with a rise more than 6 inches or a horizontal length more than 72 inches. Section 505.10.1 states that ramp handrails must extend horizontally above the

    landing for 12 inches (305 mm) minimum beyond the top and bottom of the ramp and shall return to a wall, guard, or the landing surface, or shall be continuous to the handrail.

iv. As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), Plaintiff had difficulty perambulating into the Papa John's 2201 Coral Way pizzeria location using the ramp, as the ramp does not provide the required edge protection. Failure to provide edge protection on the ramp is a violation of Section 4.8.7 of the ADAAG and Section 405.9 of the 2010 ADA Standards for Accessible Design. Section 4.8.7 states that ramps and landings with drop-offs shall have curbs, walls, railings, or projecting surfaces that prevent people from slipping off the ramp and that curbs shall be a minimum of 2 in (50 mm) high. Section 405.9 states that edge protection shall be provided on each side of ramp runs and at each side of ramp landings.

v. As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), Plaintiff had difficulty perambulating into the Papa John's 2201 Coral Way pizzeria location using the ramp, as the ramp bottom landing has an excessive slope. This is a violation of Section 4.8.4 of the ADAAG and Section 405.7 of the 2010 ADA Standards for Accessible Design. Section 4.8.4 states that ramps must have level landings at the bottom and top of each ramp and each ramp run. Further, the landings must be at least as wide as the ramp run leading to it, and the landing length must be a minimum of 60 in (1525 mm) clear. Section 405.7 states that ramps that change direction between runs at landings shall have a clear landing 60 inches (1525 mm) minimum by 60 inches (1525 mm) minimum.

vi. As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), Plaintiff had difficulty entering the restroom as the restroom door hardware is

non-compliant. Failure to provide door hardware which is accessible to the disabled is a violation of the ADAAG and the 2010 ADA Standards for Accessible Design. Handles, pulls, and latches must have hardware in a shape that is easy to grasp with one hand as required by 28 C.F.R., Part 36 Section 4.13.9 and Section 4.27.4 requires controls and operating mechanisms to be operable with one hand and not require tight grasping, pinching, or twisting of the wrist, with force required to activate no greater than 5 lbs. Section 404.2.7 of the 2010 ADA Standards for Accessible Design states that door hardware must be operable with a closed fist or a loose grip and Section 309.4 states that operable parts are to be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist and have a force required to activate no more than 5 pounds.

vii. As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design which states that the side wall grab bar shall be 42 inches (1065 mm) long minimum, located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

viii. As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required clearance due to the fact that restroom cleaning supplies are mounted over the rear wall grab bar. The fact that the cleaning supplies are mounted

       over the grab bar impinges on the clearance is a violation of Section 609.3 of the 2010 ADA Standards for Accessible Design.

ix. As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position because it is mounted over the rear grab bar. This is in violation of Section 4.16.6 of the ADAAG and Section 604 of the 2010 Standards for Accessible Design. Section 4.16.6 states that toilet paper dispensers shall be installed within reach, as shown in Fig. 29(b). Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow. The subject toilet paper dispenser is in violation of these sections.

x. As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), Plaintiff could not use the lavatory sink, as the lavatory sink does not provide knee clearance above the finished floor. The appropriate knee clearance must be at least 27" (685 mm) high, 30" (760 mm) wide, and 19" (485 mm) deep underneath the sink. This failure is in violation of 28 C.F.R. Part 36, Sections 4.24.3, 4.19.2 and 4.2.4 of the ADAAG and Sections 606.3 and 305.3 of the 2010 ADA Standards for Accessible Design.

    xi.    As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard at the lavatory sink which does not have completely wrapped bottom sink pipes, hence, proper insulation protecting users of that sink against the plumbing pipes under the sink and/or countertop. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

    xii.    As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), Plaintiff could not use the lavatory mirror as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

    34.    The commercial space which is owned/controlled by Defendant Triple R which houses the Papa John's 400 SW 8 Street pizzeria location operated by Defendant Pizzerias is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and both Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), Plaintiff had difficulty exiting the vehicle, as the designated accessible parking spaces are located on an excessive slope. Failure to provide accessible means of egress from the parking to the pizzeria at 400 SW 8 Street due to the slope of the parking lot is in violation of 2010 ADA Standards for Accessible Design Sections 207.1, 502.4 and Section 403.3. Section 403.3 states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped. Section 502.4 states that parking spaces and access aisles serving them shall comply with Section 302, and that access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. Defendants are also in violation of Section 4.6.3 of the ADAAG which states that parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

ii. As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), further associated with the designated accessible parking spaces, Plaintiff had difficulty exiting his vehicle because the parking space access isles were/are located on an excessive slope. This is also in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards for Accessible Design.

iii. As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), Plaintiff had difficulty exiting his vehicle as the designated accessible parking space has a curb ramp encroaching over the access aisles. The fact that the curb ramp encroaches over the accessible parking space access aisles has violated Section 4.7.6 of

      the ADAAG and Section 406.5 of the 2010 ADA Standards for Accessible Design. The curb ramp encroachment has also resulted in the designated parking not providing an accessible route to the Papa John's 400 SW 8 Street pizzeria, which is in violation of C.F.R. Part 36, Section 4.3.2(2) which states: "at least one accessible route shall connect accessible buildings … and spaces that on the same site."

iv. As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), the parties have failed to have permanently designated interior spaces with proper signage location. Signage is mounted on the door leaf which is a violation of Section 4.13.16 and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards for Accessible Design.

v. As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), Plaintiff could not enter the restroom area without assistance, as the required maneuvering clearance on the push side of the restroom entry door is not provided. The fact that the restroom entry door does not provide the required maneuvering clearance is a violation Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design.

vi. As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), Plaintiff could not lock the restroom door without assistance as the restroom door hardware is non-compliant.  Failure to provide door hardware which is accessible to the disabled is a violation of the ADAAG and the 2010 ADA Standards for Accessible Design. Handles, pulls, and latches must have hardware in a shape that is easy to grasp with one hand as required by 28 C.F.R., Part 36 Section 4.13.9 and Section 4.27.4 requires controls and operating mechanisms to be operable with one hand and not require

    tight grasping, pinching, or twisting of the wrist, with force required to activate no greater than 5 lbs. Section 404.2.7 of the 2010 ADA Standards for Accessible Design states that door hardware must be operable with a closed fist or a loose grip and Section 309.4 states that operable parts are to be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist and have a force required to activate no more than 5 pounds.

vii. As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design which states that the side wall grab bar shall be 42 inches (1065 mm) long minimum, located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

viii. As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required clearance due to the fact that the soap dispenser is mounted over the rear wall grab bar. The fact that the soap dispenser is over the rear grab bar impinges on the clearance is a violation of Section 609.3 of the 2010 ADA Standards for Accessible Design.

ix. As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of

   Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 (water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall) of the 2010 ADA Standards for Accessible Design.

 x. As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), Plaintiff could not flush the toilet without assistance, as the flush valve is mounted toward the wall side.  Because the flush valve is not mounted on the compliant (open) side, this is in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards for Accessible Design

 xi. As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), Plaintiff could not use the hand dryer without assistance, as it is not mounted in the required location so is out of reach of a disabled individual in wheelchair.  This is a violation of Section 4.2.5 (Fig 5) of the ADAAG, which states that when clear floor space only allows forward approach to an object, the maximum high forward reach allowed is 48 in (1220 mm) (Fig. 5(a)) and the minimum low forward reach is 15 in (380 mm) (Fig. 5(b)).  This is also in violation of Section 308.2.1 of the 2010 ADA Standards for Accessible Design which states that the accessible height for a forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground.

 xii. As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), Plaintiff could not use the paper towel dispenser without assistance, as it is not mounted in the required location so is out of reach of a disabled individual in wheelchair.

        This is a violation of 2010 ADA Standards for Accessible Design Section 308.2.1, which states that the accessible height for a forward reach dispenser shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground and 308.2.2 states that where there is obstructed forward reach (when reach depth exceeds 20 inches), the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum. This is a further violation of Section 4.2.5 (Fig 5) of the ADAAG, which states that when clear floor space only allows forward approach to an object, the maximum high forward reach allowed is 48 in (1220 mm) (Fig. 5(a)) and the minimum low forward reach is 15 in (380 mm) (Fig. 5(b)).

xiii.    As to Defendant Pizzerias (lessee) and Defendant Triple R (owner/lessor) (jointly and severally), Plaintiff could not use the lavatory mirror as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

35.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the Papa John's Pizza locations at 2201 Coral Way and at 400 SW 8 Street accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

36. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial properties and the pizzerias located therein such that they are made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Triple R Acquisition Corp. (owner of the commercial properties at 2201 Coral Way and at 400 SW 8 Street) and Defendant Pizzerias, LLC (operator of the Papa John's Pizza located 2201 Coral Way and at 400 SW 8 Street) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities;

c) The Court enter an Order requiring Defendants to alter the commercial properties and the Papa John's pizzerias located at 2201 Coral Way and at 400 SW 8 Street such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 27th day of October 2021.

                Respectfully submitted,

                */s/ J. Courtney Cunningham*
                J. Courtney Cunningham, Esq.
                J. COURTNEY CUNNINGHAM, PLLC
                FBN: 628166
                8950 SW 74th Court, Suite 2201
                Miami, Florida 33156

Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*